IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL HOOKER, #22352-076, | § | |
|     Petitioner/Movant, | § | |
| | § | |
| v. | § | 3:11-CV-0933-K |
| | § | (3:08-CR-229-K(05)) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are Petitioner Michael Hooker's *pro se* motion to vacate, set aside or correct the sentence, under 28 U.S.C. § 2255, and memorandum in support (Doc. 1-2), the Government's response and supplemental response (Doc. 9, 15), and Petitioner's reply and supplemental reply. (Doc. 11, 18). For the reasons that follow, the section 2255 motion is denied.

### I. BACKGROUND

Following his indictment for conspiracy to possess with the intent to distribute and the distribution of more than five kilograms of cocaine, Petitioner filed motions to suppress cocaine seized at the time of his arrest and post-arrest statements. *United States v. Hooker*, 3:08-CR-00229-K(05) (N.D. Tex. 2008). The Court denied both motions to suppress and Petitioner pled guilty pursuant to a plea agreement, which reserved the right to appeal the denial of the suppression motions. Before sentencing, however, the Court was compelled to disqualify defense counsel as a result of a conflict of interest that arose due to no fault of Petitioner or his counsel. Subsequently, after appointing new

counsel, the Court sentenced Petitioner to a 120-month term of imprisonment and a five-year term of supervised release. *Id.* Petitioner timely appealed the denial of the motions to suppress, and the United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Hooker*, 416 F.App'x 467, 471 n.3 (5th Cir. 2011) (unpublished per curiam).

In this timely section 2255 motion, Petitioner raises Sixth Amendment claims of denial of counsel of choice and denial of effective assistance of counsel. After briefing was complete, the Court granted Petitioner's first motion to amend, which added two new claims, but denied his second request to amend. Both parties have submitted supplemental briefs addressing the new claims.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under 28 U.S.C. § 2255, a petitioner ordinarily can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*).

### A. Denial of Sixth Amendment Right to Counsel of Choice (Ground 1)

Shortly after his indictment, Petitioner retained Counsel James C. Belt, who represented him through the guilty plea proceedings. Before sentencing, through no

fault of Petitioner or of his counsel, the Court was forced to disqualify Mr. Belt based on a conflict of interest that arose as a result of Government's agents interviewing Petitioner without first contacting Mr. Belt. Because Petitioner indicated a desire to provide incriminating evidence against Vincent Bazemore (represented by Mr. Belt in an unrelated criminal case), the Court concluded that Mr. Belt could not continue to represent Petitioner without breaching his duty of loyalty to Bazemore. Petitioner now contends that the Court's decision to disqualify Mr. Belt violated his Sixth Amendment right to counsel of his choice.

The Government argues that Petitioner waived this claim as a result of the appeal waiver. Such a claim, however, is a structural error to which the appeal waiver does not apply. *See United States v. Sanchez Guerrero*, 546 F.3d 328, 332 (5th Cir. 2008) (holding in direct appeal context that, in cases where a defendant has pled guilty, a reviewing court must consider whether the district court erroneously denied a defendant the right to counsel of choice, and waiver will not apply). In addition, because the Government does not raise procedural default, the Court finds it more efficient to address the claim on the merits.

A non-indigent criminal defendant's Sixth Amendment rights encompass the right to be represented by the counsel of his own choice. *See generally United States v. Gonzalez-Lopez,* 548 U.S. 140, 144 (2006) (citing *Wheat v. United States,* 486 U.S. 153, 159 (1988)). The Sixth Amendment, however, also "guarantees representation that is free from conflict of interest." *Sanchez Guerrero*, 546 F.3d at 333 (citing *Wood v. Georgia*, 450

US 261, 269-71 (1981)). "While a defendant can knowingly and intelligently waive conflicts of interest, the district court is allowed "substantial latitude" to refuse such waivers in cases of either actual or potential conflict." *Id.* (citing *Wheat v. United States*, 486 U.S. 153, 163 (1988)).

It is clear from the record, namely the sealed Conflict of Interest Hearing Transcript, *see* No. 3:08-cr-0229-K-05, Doc. 424, that a conflict of interest existed in this case. As confirmed at the Conflict of Interest Hearing, Mr. Belt's conflict arose when Petitioner, after being contacted by Government's agents, indicated a desire to provide incriminating evidence against Bazemore, one of Belt's other clients. As a result of this conflict, Mr. Belt could not continue to represent Petitioner without breaching his duty of loyalty to Bazemore. In order to effectively represent Petitioner, Mr. Belt would have had to attempt to persuade the government and the Court that Petitioner should receive consideration for the proposed information against Bazemore. This would have created a conflict for Mr. Belt with regard to Bazemore.

In light of this clear conflict of interest, the Court was required to disqualify Mr. Belt as Petitioner's counsel. *See Sanchez Guerrero*, 546 F.3d at 334 (defendant's Sixth Amendment right to counsel of choice was not violated where court determined that original counsel could not adequately represent both the defendant and his brother due to competing interests). Accordingly, Petitioner's claim that he was denied the right to counsel of his choice in violation of the Sixth Amendment fails.

B.  **Ineffective Assistance of Trial Counsel**

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

1.  **Prosecutorial Misconduct (Ground 3)**

In his third ground, Petitioner couches the claims raised in his first ground in terms of ineffective assistance of counsel for failing to raise a claim of prosecutorial misconduct. Specifically, Petitioner alleges Mr. Belt was constitutionally ineffective in "failing to note, object, or appeal to (sic) unfair and unethical conduct displayed by prosecutors" in sending FBI agents to interview Petitioner without notifying or seeking permission of defense counsel. (Doc. 2 at 12.) It is undisputed, however, that Government agents contacted Petitioner without notifying Mr. Belt, a fact that Mr. Belt confirmed at the Conflict of Interest Hearing. Moreover, because a clear conflict of interest existed, the Court had not choice but to disqualify Mr. Belt. Under these

circumstances, Petitioner cannot show deficient performance on the part of Mr. Belt in failing to raise a claim of prosecutorial misconduct. Accordingly, Petitioner's ineffective assistance of counsel claim is denied.

### 2.   Drug Quantity Calculation (Ground 2)

Petitioner contends trial counsel rendered ineffective assistance in failing to object to the calculation of drug quantity. Petitioner argues at length that the quantity of cocaine reasonably foreseeable to him was less than five kilograms, which would have resulted in a punishment range of five to 40 years, instead of ten years to life. (Doc. 2 at 8-12.) His allegations, however, are unsworn and raised in this case for the very first time. Moreover, during the guilty plea proceedings, Petitioner admitted to distributing or possessing with the intent to distribute five or more kilograms of cocaine as reflected in the Factual Resume, which he affirmed under oath at the re-arraignment proceedings. *See* No. 3:08-cr-0229-K-05, Doc. 321 at 2-3, and Doc. 462 at 18-20. Clearly, Petitioner cannot show deficient performance of his trial counsel and this ground is denied.

### 3.   Illegal Search (Ground 4 and Amended Grounds)

Next, Petitioner contends trial counsel was constitutionally deficient at the Suppression Hearing because he "failed to clearly articulate the issues," specifically his "claim of illegal search incident to arrest" under *Arizona v. Gant*, 556 US 332 (2009). (Doc. 2 at 16.) At the outset, the Court notes that this claim is nothing more than an attempt to re-litigate the suppression issue – now couched as ineffective assistance of counsel – that both this Court and the Fifth Circuit Court of Appeals rejected. *See* No.

3:08-cr-0229-K-05, Suppression Hrg. Tr. at 163-64; *United States v. Hooker*, 416 F.App'x 467, 471-72 and n.3 (5th Cir. 2011) (unpublished per curiam). Nevertheless, contrary to Petitioner's assertion, trial counsel argued at length, at the Suppression Hearing, that the inventory search was illegal under *Gant*. The fact that counsel was unsuccessful in his efforts, does not mean that he was deficient. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). Petitioner fails to explain what facts counsel could have argued or what case he could have presented that would have changed the outcome of the suppression hearing. His repeated assertion that the officers conducted an inventory search at the time of his arrest is insufficient to establish constitutionally ineffective assistance of counsel. (Doc. 2 at 17-23; Doc. 11 at 8-9.) In addition, Petitioner's reliance on Officer Kelly's testimony, that he would not have continued to pursue Petitioner if he had not violated the traffic laws, is immaterial in light of the Fifth Circuit's conclusion that probable cause existed as a result of the "collective knowledge" of the DEA Officers and Officer Kelly.

> The testimony at the suppression hearing shows that Officer Kelly met with DEA agents at a school and was instructed to conduct a traffic stop on Hooker's vehicle, a Chevrolet Impala with specific license plate number. Officer Dyess testified that it was his goal to have Hooker stopped with what he understood to be a kilogram of cocaine in his car and that, based on the recorded calls between Hooker and Hernandez and his observations of the house, he had probable cause to believe that Hooker had a kilogram of cocaine in the trunk of his car.
>
> Based on this evidence, the district court was not incorrect in assuming that there was "some degree of communication," *Kye Soo Lee*, 962 F.2d at 435, between the DEA agents with probable cause and the police officers who searched the vehicle.

*Hooker*, 416 F.App'x at 472.

A petitioner alleging ineffective assistance "must show with specificity what should have been done differently and how the outcome of the proceeding would have been different." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Petitioner has clearly failed to do so in this case. Therefore, his claim fails.

In his motion to amend, Petitioner asserts that his arrest, for failing to signal a turn and possessing insurance, is invalid because the rental vehicle was insured by the rental company. Even assuming Petitioner is asserting ineffective assistance of counsel, his claim fails. The rental agreement, admitted into evidence during the Suppression Hearing, showed that Petitioner had declined insurance coverage. *See* No. 3:08-cr-0229-K-05 at Doc. # 461 at 27-28, 145, Gov't Ex. 21. Moreover, because Petitioner was contemporaneously stopped and arrested for failing to signal a turn, which did not depend on the insured status of his vehicle, his arrest was valid. *See Id.* at 18. Accordingly, because Petitioner cannot show deficient performance of his counsel during the Suppression Hearing, his fourth and amended grounds are denied.

### C. Ineffective Assistance of Appellate Counsel

Appellate counsel is not required to raise every nonfrivolous issue on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Indeed, it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach. *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

Petitioner asserts appellate counsel failed to raise on direct appeal the issues which are the basis for his ineffective assistance of counsel claim – namely the choice-of-counsel, prosecutorial misconduct, and calculation of drug quantity issues. However, as noted above, those claims are all meritless. In addition, Petitioner waived the drug quantity issue (second ground) when he agreed to waive a direct appeal on all issues except those reserved in his Plea Agreement. (No. 3:08-cr-0229-K-05 at Doc. 320 ¶ 10.) As such, appellate counsel was not deficient in failing to raise the above claims on direct appeal. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.")).

With respect to the illegal search claim, Petitioner asserts "appellate counsel failed to introduce the core piece of information that would differentiate in the decision on appeal, information that was also overlooked and/or ignored at [the] appellate level, Officer Kelly's admission that he would not have continued to pursue [Petitioner 'if [he] had not violated the traffic laws in the City of Grand Prairie, Texas." (Doc. 2 at 26.) However, contrary to Petitioner's assertion, appellate counsel ordered the entire transcript of the Suppression Hearing, which included the arresting officer's testimony, on which Petitioner relies in his fourth and amended grounds, and had it included as part of the record on appeal. Accordingly, Petitioner's claims of ineffective assistance of counsel on appeal fail.

### D. Evidentiary Hearing

Petitioner maintains that he is entitled to an evidentiary hearing to develop the claims raised in this section 2255 motion. "When the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (petitioner was not entitled to evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Petitioner's claims lack merit for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 12th day of April, 2012.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE